C. H. & A. B. DENNISON v. S. & F. BOYLSTON.*

*Parties. Misjoinder of Plaintiffs in Book Account.*

One becoming a party to a contract after its performance, by agreement with one of the original parties only, without the assent of the other party, cannot join in an action thereon against such other party.

In book account, misjoinder of plaintiffs can be taken advantage of before the auditor.

BOOK ACCOUNT. The case appears from the opinion. Judgment for plaintiffs on the report, April Term, 1875, WHEELER, J., presiding. Exceptions by defendants.

---

* WHEELER, J., did not sit, having tried the case below.

*K. Haskins* and *C. B. Eddy*, for defendants.

*Davenport & Eddy*, for plaintiffs.

The opinion of the court was delivered by

PIERPOINT, Ch. J. This was an action of book account, and the case comes up from the report of the auditor. The only question raised is, whether A. B. Dennison, one of the plaintiffs, was properly made a party to the suit.

It appears from the report, that at the time the contract on which the plaintiffs seek to recover was entered into between C. H. Dennison and the defendants, A. B. Dennison had no other business relation with C. H. than that of agent or employe, and was no party to such contract. It also appeared that said A. B. Dennison did not acquire any interest in this contract, or in the business of C. H. Dennison, except as such agent, until long after the contract was fully executed by said C. H., and his right of action under it had become complete. It appears that while C. H. was performing the work and executing the contract, he told the said A. B. he might become a copartner with him in the contract if he chose, or remain as he was, under wages. This proposition was not accepted by A. B., or acted upon by either, until long after the contract was completed by the said C. H. The subsequent acceptance of the proposition by A. B., could have no effect upon the rights or liabilities of C. H. and the defendants under the contract. Whatever may have been its effect as between the said C. H. and A. B. in respect to the final adjustment of their affairs, that could not affect the liability of the defendants, and would not subject them to any suit in which A. B. should be a party plaintiff. The defendants did not in any manner assent to the arrangement between C. H. and A. B. All their intercourse with A. B. in respect to the contract, was as the agent of C. H. The said A. B. cannot be regarded as a dormant partner. He was not in fact a partner at all with C. H. until long after this contract was made and executed by the said C. H. After that, it was not in the power of C. H. to make him a party to the contract so as to enable him to join in a suit thereon against the defendants.

The misjoinder of plaintiffs can be taken advantage of on trial in any form of action, and especially so in an action of book account, where all defects in respect to the parties can be taken advantage of before the auditor.

The judgment of the County Court is reversed, and judgment rendered for the defendants to recover their costs.